forts, he has been unable to get any sort of cooperation from his adversary, and at the request of the Court he has made this known to the Court by his letter of July 8, 1971.

The Court regards this as a deliberate unwillingness on the part of counsel for the appellees to comply with the orders of this Court, and accordingly it is ordered:

The appeal is granted, the injunctions heretofore entered by the District Court are vacated and reversed, and the cause is remanded to the District Court which shall retain jurisdiction of the matter to enable it to consider whether on application of the plaintiffs made immediately prior to construction of the sewer treatment facility relief is appropriate or desirable or required within the jurisdiction and power of the United States District Court and any appropriate federal statutes. Costs of the appeal are taxed against the appellees.

Kenneth Shelton, Decatur, Ala., for appellant.

Robert H. Marquis, Gen. Counsel, Thomas A. Pedersen, Sol., Beauchamp E. Brogan, TVA, Knoxville, Tenn., Harold F. Herring, Huntsville, Ala., for appellee.

Before COLEMAN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Hoyt William REED, Plaintiff-Appellant,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant-Third-Party Plaintiff-Appellee,**

v.

**PITTSBURGH–DES MOINES STEEL COMPANY, Third-Party Defendant.**

**No. 71–1122.**

United States Court of Appeals, Fifth Circuit.

June 2, 1971.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Cortez WHITE, Defendant-Appellant.**

**No. 71–1687**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.